UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARRI L. STEVENS, et al.,

        Plaintiffs,                        Hon. Jane M. Beckering

v.                                   Case No. 1:23-cv-007

PFIZER, INC., et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's motions to dismiss.   (ECF No. 62, 64, 67).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be granted in part and denied in part and this action terminated.

## BACKGROUND

Plaintiffs Karri Stevens and Corina Cooper assert this action against: (1) Pfizer, Inc.; (2) Pfizer officials Albert Bourla, Vanessa Gelman, Philip Dormitzer, and Adviat Badkar; (3) Benzie County Medical Care Facility – The Maples; and (4) Nathan Loop, Administrator at The Maples.   (ECF No. 61).   In their amended complaint, Plaintiffs allege the following.

Following the onset of the COVID-19 pandemic, the United States government mandated that healthcare workers employed at Medicare and Medicaid eligible facilities receive COVID-19 vaccinations.   An exemption from this mandate was

recognized for disabilities, medical conditions, or sincerely held religious beliefs. Believing that the Pfizer vaccine was formulated using "the remains of aborted babies," Plaintiffs sought exemption from the vaccine mandate on the grounds that such violated their sincerely held religious beliefs.   Plaintiffs' exemption requests were granted after which their work hours were reduced causing Plaintiffs to suffer economic damages.

Plaintiffs allege that their First Amendment free exercise rights were violated by all Defendants.   Plaintiffs further allege that their Fourteenth Amendment rights were violated by The Maples and Nathan Loop.   Finally, Plaintiffs assert state law claims against all Defendants.   Defendants now move to dismiss Plaintiffs' claims. Plaintiffs have responded to these motions.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.   *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).   Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

### I.    Pfizer Defendants

Defendants Pfizer, Bourla, Gelman, Dormitzer, and Badkar (collectively the Pfizer Defendants) move to dismiss Plaintiffs' complaint on three grounds: (1) Plaintiffs lack standing; (2) Plaintiffs have failed to demonstrate that the Court can properly exercise personal jurisdiction over the Pfizer Defendants; and (3) Plaintiffs' amended complaint fails to state a claim on which relief may be granted.   Because Plaintiffs so clearly lack standing to assert their claims against these Defendants, and because this Court's time and resources are limited, the undersigned finds it unnecessary to address Defendants' other arguments.   *See, e.g., California v. Texas*, 593 U.S. 659, 668 (2021) (in declaring that it need "proceed no further than standing," the Court recognized it is unnecessary to address additional arguments or claims where standing is found to be lacking).

The Constitution provides that the authority of the federal courts extends only to "cases" and "controversies."   U.S. Const., Art. III, § 2.   It is well recognized that "no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."   *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (citation omitted).

One of the principles that informs the meaning of "cases" and "controversies" is the doctrine of standing.   *Id.* at 338.   To satisfy constitutional standing requirements, in other words to have a case or controversy which a federal court may hear, a plaintiff must have (1) suffered an injury-in-fact; (2) that is fairly traceable to the defendant's

-4-

challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision. Plaintiffs bear the burden to establish that all three requirements of standing are satisfied. *Ibid.* Even if the Court assumes that Plaintiffs have suffered an injury-in-fact, Plaintiffs cannot establish that such injury is fairly traceable to any conduct by the Pfizer Defendants.

Plaintiffs allege they were injured, ultimately, because of the decision of the United States government to mandate that health care workers employed at Medicare and Medicaid eligible facilities receive a COVID-19 vaccination. While this mandate recognized an exception for sincerely held religious beliefs, Plaintiffs' reliance on this exception resulted in a reduction of their work hours.

The Court recognizes that at the pleading stage, the burden Plaintiffs bear of alleging that their injury is fairly traceable to Defendants' alleged conduct is "relatively modest." *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 866 (6th Cir. 2020). Nonetheless, this is a hurdle Plaintiffs have failed to overcome. Plaintiffs have failed to alleged facts that Defendants played any role in the decision by the United States government to mandate that certain health care workers receive a COVID-19 vaccine. Plaintiffs have likewise failed to allege facts that Defendants were involved in the decision to reduce Plaintiffs' working hours following Plaintiffs' decision to obtain an exemption from the vaccine requirement. Accordingly, the undersigned recommends that Plaintiffs' claims against the Pfizer Defendants be dismissed for failure to establish standing to assert such.

## II.    Defendants The Maples and Nathan Loop

As noted, the vaccine mandate at issue recognized exemptions for sincerely held religious beliefs.   The mandate expressly stated, however, that should any health care worker be granted such an exemption, "employers must ensure that they minimize the risk of transmission of COVID-19 to at-risk individuals, in keeping with their obligation to protect the health and safety of patients."   (ECF No. 21-8, PageID.252).   Because its compliance with the vaccine requirement and associated rules was mandatory, The Maples implemented a policy to educate its employees regarding the vaccine mandate and the exemptions thereto.   (ECF No. 21-9, PageID.352-57).

This policy clearly notified employees that should they obtain an exemption to the vaccine requirement they would be "subject to additional precautions to mitigate the transmission and spread of COVID-19."   (*Id.*, PageID.355).   Specifically, such precautions included: (1) being assigned to households with only fully vaccinated residents; (2) wearing an N-95 mask while in the facility; (3) following additional CDC-recommended precautions; (4) requiring unvaccinated employees working in counties with "substantial to high" rates of community transmission to undergo weekly COVID-19 testing; and (5) requiring unvaccinated employees to take their breaks in "designated areas, separate from other staff and residents."   (ECF No. 21, PageID.355, 359; ECF No. 61-6, PageID.740).

Plaintiffs requested an exemption from the vaccine requirement due to their sincerely held religious beliefs.  Plaintiffs' requests were granted.  (ECF No. 21-10, PageID.359; ECF No. 61-6, PageID.740).   But Plaintiffs were further informed that, "in order to maintain compliance with the precautions for unvaccinated staff," they would be reassigned to "the position of Contingent CNA, subject to the scheduling availability on household[s] with fully vaccinated residents."   (ECF No. 21-10, PageID.359; ECF No. 61-6, PageID.740).

While Plaintiffs' amended complaint goes into great detail on irrelevant matters, including debunked conspiracy theories, Plaintiffs fail to allege facts that state a claim for relief against these Defendants.  Plaintiffs claim their First Amendment Free Exercise rights were violated, yet concede that their requests for a religious-based exemption to the vaccine requirement were granted.  While the First Amendment affords Plaintiffs the right to choose not to receive a COVID-19 vaccination it does not grant them the right to unnecessarily threaten the health of vulnerable patients in health care facilities.

The government's vaccine mandate for facilities treating Medicare and Medicaid recipients, including the requirement that patients not be unnecessarily placed at risk by exposure to unvaccinated employees, survives constitutional scrutiny.  *See, e.g.,* *Biden v. Missouri*, 595 U.S. 87, 89-98 (2022); *Kane v. de Blasio*, 623 F.Supp.3d 339, 353-58 (S.D.N.Y. 2022); *Schmidt v. City of Pasadena*, 2023 WL 4291440 at *6-13 (C.D. Cal.,

Mar. 8, 2023).    Accordingly, the undersigned recommends that Plaintiffs' First Amendment claims against these Defendants be dismissed.

With respect to Plaintiffs' Fourteenth Amendment claims, the undersigned reaches the same conclusion.    To the extent Plaintiffs allege an Equal Protection violation, such fails because Plaintiffs fail to allege that they were treated differently from similarly situated persons due to their religious beliefs.    *See Reform America v. City of Detroit, Michigan*, 37 F.4th 1138, 1152-53 (6th Cir. 2022).    Likewise, because the vaccine mandate satisfies rational basis review, neither the policy nor its implementation violate Plaintiffs' substantive due process rights.    *See Clark v. Jackson*, 2023 WL 2787325 at *6 (6th Cir., Apr. 5, 2023).    Accordingly, for the reasons articulated herein, the undersigned recommends that Plaintiffs' claims against Defendants The Maples and Nathan Loop be dismissed.

## III.    State Law Claims

Plaintiffs also assert various state law claims.    Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well."    *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same).    The undersigned recommends that Plaintiff's state law claims be

-8-

dismissed without prejudice so that they may be pursued in the appropriate state court forum.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that each of Defendant's motions to dismiss (ECF No. 62, 64, 67) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiffs' federal law claims be dismissed for the reasons articulated herein, Plaintiffs' state law claims be dismissed without prejudice, and this action terminated.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiffs would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 25, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge