UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARRI L. STEVENS and CORINA D. COOPER,

    Plaintiffs,

v.

PFIZER, INC., et al.,

    Defendants.
_____/

Case No. 1:23-cv-7

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiffs Karri L. Stevens and Corina D. Cooper, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging various federal and state-law claims arising from the mandate of the U.S. government that healthcare workers employed at Medicare and Medicaid eligible facilities receive COVID-19 vaccinations. The mandate provided an exemption for sincerely held religious beliefs, an exemption that both Plaintiffs were granted. Plaintiffs named seven Defendants in their suit, and Defendants filed motions to dismiss. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motions as to Plaintiffs' federal claims, dismiss Plaintiffs' state-law claims, and close this case. Specifically, the Magistrate Judge concluded that (1) Plaintiffs "clearly" lacked standing to bring their claims against Defendants Pfizer, Inc., Albert Bourla, Vanessa Gelman, Philip Dormitzer, and Adviat Badkar (collectively, "the Pfizer Defendants"); (2) Plaintiffs failed to state any plausible federal claims against Defendants The Maples and Nathan Loop; and (3) this Court should not exercise supplemental jurisdiction over any state-law claims

that Plaintiffs alleged, claims that Plaintiffs could instead pursue in the appropriate state court forum.

The matter is presently before the Court on Plaintiffs' Objections to the Report and Recommendation, to which Defendants filed responses. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the Objections and issues this Opinion and Order.

Plaintiffs present the following five objections to the Magistrate Judge's Report and Recommendation:

1. Is the R&R clearly erroneous and contrary to law to the extent that the Magistrate failed to report or recommend anything regarding Plaintiffs' claim of fraudulent concealment of constitutional claims against the [Pfizer Defendants]?

2. Is the R&R clearly erroneous and contrary to law to the extent that the Magistrate dismissed Plaintiffs' state-law claims after failing to report or recommend anything regarding Plaintiffs' fraudulent concealment of constitutional claims against the [Pfizer Defendants]?

3. Is the R&R clearly erroneous and contrary to law to the extent that it fails to adequately consider Plaintiffs' standing to assert claims against the Pfizer Defendants?

4. Is the R&R clearly erroneous and contrary to law to the extent that it fails to recognize the retaliatory actions taken against the Plaintiffs by The Maples and Nathan Loop, which violated their First Amendment rights?

5. Is the R&R clearly erroneous and contrary to law to the extent that the recommendation to dismiss Plaintiffs' state law claims is without justification?

(Pls. Br., ECF No. 90 at PageID.1078).

***Plaintiffs' Objections ##1 & 2.***  In their first two objections, Plaintiffs argue that the Magistrate Judge "failed to address" their allegation that the Pfizer Defendants engaged in "fraudulent concealment of constitutional claims" (Pls. Obj., ECF No. 89 at PageID.1074–1075; Pls. Brief, ECF No. 90 at PageID.1080–1084).  According to Plaintiffs, they presented evidence that Defendants conspired and concealed that the Pfizer vaccine was formulated using "the remains of aborted babies" and "sacrificed children" (Pls. Brief, ECF No. 90 at PageID.1080 & 1083).

Plaintiffs' objections lack merit.

Plaintiffs' pleading titled "Second Amended Complaint" (ECF No. 61), which was the operative complaint before the Magistrate Judge,[1] consists of 72 allegations, with no discrete claims for relief identified.  *See generally* FED. R. CIV. P. 8.  The Magistrate Judge did not overlook that Plaintiffs alleged that Defendants fraudulently concealed potential constitutional claims.  Rather, the Magistrate Judge expressly acknowledged that Plaintiffs provided "great detail" in support of their "conspiracy theories" (R&R, ECF No. 88 at PageID.1071).  However, the Magistrate Judge concluded that even if he assumed that Plaintiffs had suffered an injury-in-fact, they could not establish that such injury was fairly traceable to any conduct by the Pfizer Defendants (*id.* at PageID.1069).  The Magistrate Judge correctly recognized that Plaintiffs' lack of standing made it unnecessary to address the merits of any additional arguments or claims (*id.* at PageID.1068).  *See Online Merchants Guild v. Cameron*, 995 F.3d 540, 547 (6th Cir. 2021) ("To succeed on the merits, a party must first reach the merits, and to do so it must establish standing."). In short, Plaintiffs' argument fails to demonstrate any error by the Magistrate Judge.

---

[1] After Defendants filed their motions to dismiss, Plaintiffs filed motions for leave to amend their Second Amended Complaint (ECF Nos. 72 & 80).  The Magistrate Judge denied both of Plaintiffs' motions (Order, ECF No. 87), determining, in pertinent part, that Plaintiffs' motions were "untimely and asserted in bad faith" (*id.* at PageID.1064).

*Plaintiffs' Objection #3.* Plaintiffs also challenge the Magistrate Judge's standing analysis, arguing that the Magistrate Judge failed to "adequately consider" their standing against the Pfizer Defendants (Pls. Obj., ECF No. 90 at PageID.1078). However, Plaintiffs' only argument in this regard is that they "sufficiently alleged an injury-in-fact and that such injury is directly traceable to the actions of the Pfizer Defendants" (Pls. Brief, ECF No. 90 at PageID.1083). Plaintiffs' conclusory argument fails to identify—let alone demonstrate—any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion that Plaintiffs lack standing to bring their claims against these Defendants. As the Pfizer Defendants reiterated in their response to Plaintiffs' objections, they had no involvement in the government's decision to issue the vaccine mandate and did not employ or otherwise have any say over the conditions of Plaintiffs' employment (ECF No. 92 at PageID.1100). Plaintiffs' third objection lacks merit and is properly denied.

*Plaintiffs' Objection #4.* Fourth, Plaintiffs argue that the Magistrate Judge "failed to recognize the retaliatory actions taken against the Plaintiffs by The Maples and Nathan Loop, which violated their First Amendment rights" (Pls. Obj., ECF No. 89 at PageID.1074–1075; Pls. Brief, ECF No. 90 at PageID.1082). Plaintiffs' objection lacks merit. The Magistrate Judge expressly recognized Plaintiffs' allegation that after their exemption requests were granted, "their work hours were reduced, causing Plaintiffs to suffer economic damages" (R&R, ECF No. 88 at PageID.1066). As set forth more fully by Defendants The Maples and Nathan Loop in their response to Plaintiffs' objection (ECF No. 94 at PageID.1120–1121), the Magistrate Judge determined that Plaintiffs failed to state a plausible retaliation claim because their change in employment status was a result of their unvaccinated status, which is not an activity protected by the First Amendment.

***Plaintiffs' Objection #5.***  Last, Plaintiffs contend that the Magistrate Judge should not have recommended dismissal of their state-law claims without first addressing their federal claims (Pls. Brief, ECF No. 90 at PageID.1078, 1084).  However, Plaintiffs' objections do not reveal any error in the Magistrate Judge's resolution of their federal claims.  If a district court has dismissed all federal claims, then the court may decline to exercise supplemental jurisdiction over the state-law claims.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiffs' last objection is properly denied.

Therefore, this Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because the Opinion and Order resolves all pending claims, the Court will also enter a Judgment.  *See* FED. R. CIV. P. 58.   Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 89–90) are DENIED and the Report and Recommendation (ECF No. 88) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions to Dismiss (ECF Nos. 62, 64, & 67) are GRANTED IN PART and DENIED IN PART; specifically, the motions are granted as to Plaintiffs' federal claims, which are dismissed with prejudice, and the motions are otherwise denied.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims, which are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Order (ECF No. 95) is DISMISSED as moot.

Dated:  May 8, 2024                              /s/ Jane M. Beckering
                                                 JANE M. BECKERING
                                                 United States District Judge